(106 So. 392)

### FLOURNOY v. STATE.  (4 Div. 168.)

(Court of Appeals of Alabama.  Nov. 24, 1925.)

Homicide ⬷158(3)—Testimony that witness heard accused, before difficulty and away from scene, make threatening statement, held admissible.

In prosecution for assault to murder, testimony that an hour before difficulty, and about a mile from scene, witness heard accused say "he was going to shoot the s—— of a b——, that he was trying to impose on him," not naming victim, held admissible.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

John Flournoy was convicted of assault to murder, and he appeals. Affirmed.

Ballard & Brassell, of Troy, for appellant.

Evidence of what witness Stewart heard defendant say before the difficulty was not admissible as a threat against the injured party. 6 Ency. Evi. 640; Jones v. State, 76 Ala. 8.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The state was properly allowed to prove a threat made by defendant one hour before the difficulty. Hairrell v. State, 16 Ala. App. 110, 75 So. 702; Jackson v. State, 209 Ala. 376, 96

---

⬷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 213 Ala. 145.

So. 206; Moulton v. State, 19 Ala. App. 446, 98 So. 709; Bigham v. State, 203 Ala. 162, 82 So. 192; Mathis v. State, 15 Ala. App. 245, 73 So. 122.

RICE, J. The appellant was convicted of the offense of assault with intent to murder upon one Ike Griffin.

As stated by his counsel in their brief filed on this appeal, there is only one question by exception reserved for our decision.

The witness Henry Stewart was allowed to testify, over defendant's objection, that about one hour before the difficulty, and about one mile away from its scene, he (Stewart) heard defendant say "he was going to shoot the s—— of a b——, that he was trying to impose on him," not naming the party later assaulted. This testimony we think admissible under the ruling in Moulton v. State, 19 Ala. App. 446, 98 So. 709, and the authorities therein cited.

We find no prejudicial error, and the judgment is affirmed.

Affirmed.